(No. 75-CV-10-

Frank Beato, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 31, 1975.*

Frank Beato, Claimant, pro se.

William J. Scott, Attorney General, for Respondent.

Per Curiam.

This claim arises out of a criminal offense that occurred on June 7, 1974, at 522 South Laramie Avenue, Cook County, Chicago, Illinois. Frank Beato, a victim of crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, et seq.* (hereafter referred to as *"the Act"*).

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence presented at a hearing held before the Commissioner on December 5, 1974, the Court finds:

1. That the claimant, Frank Beato, age 56, was a victim of a violent crime, as defined in Sec. 2(d) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4*).

2. That on June 7, 1974, claimant was shot in the back while working in his sandwich shop at 522 South Laramie. Prior to the shooting, Frank Beato was getting ready to close his shop and pick his daughter up from school.

3. That no evidence was presented of any provocation by the claimant for the shooting of him in his shop.

4. That Mr. Aaron Harris of 8223 South Jeffrey, discovered the body and notified the Chicago Police who transported the victim to Loretto Hospital, 645 South Central, Chicago. The victim was transferred to Presbyterian Saint Lukes Hospital, 1753 West Congress, on June 25, 1974, and to Marionjoy Rehabilitation Hospital in Wheaton on July 26, 1974. A further and more detailed summary of the facts and information considered

by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant, fled in an unknown direction and has not been identified.

6. That the victim and his assailant were not related nor sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their request for assistance.

8. That the claimant seeks compensation under the Act for medical expenses, loss of earnings and loss of future earnings.

9. That investigation by the Attorney General's Office revealed that claimant is paralyzed from the waist down. That this is a permanent disability which will keep claimant from working for the remainder of his life.

10. That at the time of Frank Beato's injury, he was 56 years old and has a life expectancy to age 76 according to actuarial tables. Therefore, we must conclude that the claimant has lost his earnings and future earnings for the remainder of his normal life expectancy, computed to be 20 years.

11. That the claimant's average monthly earnings for the 6 months immediately preceding his injury were $369.17. This is to be considered as the basis for determining loss of earnings, pursuant to the following provision in Sec. 4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

12. That, based on the claimant's normal life expectancy of 20 years, and taking $369.17 per month as his average earnings, the loss of earnings and future earnings is computed to be $88,600, an amount far in excess of the $10,000 maximum amount that can be awarded as compensation under the Act for any loss resulting from a violent crime.

13. That, in addition to loss of earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Loss of earnings and future earnings | $ 88,600.00 |
| 2) | Hospital | $ 24,775.01 |
| 3) | Medical | $  2,907.53 |

$116,282.54

14. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7 (d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefits of the applicant . . .)".

15. That, in the claim before us, the benefits received by the claimant and anticipated benefits, as contemplated by Sec. 7 (d) of the Act, were shown to be in the total sum of $23,884.24. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss shown in Par. 13, leaves an amount of $92,198.30 as the actual loss sustained by the claimant.

Hence, the claimant is entitled to an award in the maximum amount payable under the Act, $10,000.

It Is Hereby Ordered that the sum of $10,000.00, be awarded Frank Beato, as an innocent victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety Nine Dollars and Ninety Nine Cents) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $9,000.01 be referred forthwith to the General Assembly for its approval.